UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| UNITED STATES OF AMERICA | ) | Case No. 1:17-mj-108 |
|---|---|---|
| | ) | |
| v. | ) | Charging District No. 3:15-cr-169 ND Ohio |
| | ) | |
| TERRY HIGDON | ) | Judge Steger |

## **MEMORANDUM AND ORDER**

Defendant Terry Higdon ("Defendant") came before the Court on July 10, 2017, in accordance with Rules 5, 5.1 and 32.1 of the Federal Rules of Criminal Procedure, on a Supervised Release Violation Report (the "Violation Report") out of the United District Court for the Northern District of Ohio.

After being sworn in due form of law, Defendant was informed or reminded of his privilege against self-incrimination under the 5th Amendment and his right to counsel under the 6th Amendment to the United States Constitution.

The Court determined that Defendant wished to be represented by an attorney and that he qualified for the appointment of an attorney to represent him at government expense. Consequently, the Court APPOINTED Erin Rust of Federal Defender Services of Eastern Tennessee, Inc. to represent Defendant at the hearing.

Defendant was furnished with a copy of the Violation Report, and he confirmed that he had an opportunity to review the Violation Report with his attorney. The Court determined that Defendant was capable of reading and understanding the Violation Report. At the Court's request, AUSA Terra Bay explained to Defendant the offenses detailed in the Violation Report. Defendant acknowledged that he understood the offenses with which he is charged in the Violation Report. The Government moved the Court to detain Defendant without bond pending further proceedings.

The Court provided a Waiver of Rule 32.1 Hearing form ("Waiver") to Defendant which explained Defendant's right to counsel; right to an identity hearing; right to copies of the judgment, warrant and warrant application; right to a preliminary hearing; and right to a detention hearing. The Court explained to Defendant that he had a right to transfer these proceedings to the prosecuting district, which, in this case, is the Northern District of Ohio.

Following consultation with his counsel, Defendant agreed to waive an identity hearing, production of the judgment, warrant and warrant application, and a detention hearing or preliminary hearing, which he confirmed through his signature on the Waiver [Doc. 4].

1

It is, therefore, **ORDERED** that:

1. The Government's motion that Defendant be DETAINED WITHOUT BOND pending further proceedings in the United States District Court for the Northern District of Ohio is GRANTED.

2. The U.S. Marshal shall transport Defendant to the United States District Court for the Northern District of Ohio.

3. The Clerk of Court for the Eastern District of Tennessee shall promptly transmit all documents relating to this case to the Clerk of Court for the United States District Court for the Northern District of Ohio.

4. The Clerk of Court for the United States District Court for the Northern District of Ohio shall immediately notify the United States Attorney for such district of Defendant's arrival so that further proceedings may be promptly scheduled.

**ENTER.**

*Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE